REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have requested our opinion as to whether the provisions of Neb.Rev.Stat. § 8-1401 (Reissue 1983) (Laws 1977, LB 384) prevent an institution included within that statute from voluntarily delivering to a legislative committee the financial records of one or more of its customers. In our opinion § 8-1401 leaves the decision as to whether to provide a customer's financial records to any third party solely within the discretion of that institution.
Section 8-1401 states, in pertinent part:
 No person, business or institution . . . shall be required to disclose any information, financial or otherwise, that it deems confidential, concerning its affairs or the affairs of any person or corporation with which it is doing business to any person, party, agency, or organization unless there shall first be presented to such person, corporation or association a court order of a court of competent jurisdiction setting forth the exact nature and limits of such required disclosure and a showing that all persons or organizations to be affected by such order have had reasonable notice and an opportunity to be heard upon the merits of such order.
(Emphasis added.)
Although there appears to have been some confusion among the senators on this question during floor debate, the clear language of the statute leaves to the discretion of the institution in question both the determination of whether any particular item of information requested by a third party is to be deemed `confidential,' and the determination of whether information, even if deemed `confidential,' will be delivered to a requesting third party. Perhaps the most concise statement of the purpose and focus of LB 384 came from Senator DeCamp.
 This just says if the person responsible for the institution in question does for some reason or other say, no, I am afraid I am going to get sued if I turn this over, the person responsible for the institution in question can refuse until somebody lays on his desk some order saying, yes, you have got to turn it over.
(Floor Debate, LB 384, Legislative Journal, p. 3308, April 22, 1977.)
In our opinion, § 8-1401 places no restrictions upon a third party's ability to obtain a citizen's financial records from a designated institution unless that institution chooses not to deliver such records to the third party. Thus, if one of these institutions has no objections to transferring the requested records to a legislative committee, § 8-1401 would not require the committee to obtain a court order permitting acquisition of that information. The propriety of that disclosure, insofar as the relationship between the customer and the institution is concerned, is not addressed by § 8-1401. If, on the other hand, the institution chooses to deem the requested records `confidential' and not deliver them, any third party desiring those records (including a legislative committee) would be required to abide by the notice and procedural requirements of § 8-1401 and seek a court order directing the delivery of the records in question.
Yours truly, PAUL L. DOUGLAS Attorney General J. Kirk Brown Assistant Attorney General